UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
─────────────────────────────────────────x

NEWTON KNOWLES,

      Plaintiff,

  -against-

NAMDOR INC., AGENT,

      Defendant.

─────────────────────────────────────────x

**MEMORANDUM AND ORDER**
13-CV-3746 (KAM)

MATSUMOTO, United States District Judge

  Plaintiff Newton Knowles brings the instant *pro se* complaint pursuant to Title VII of the Civil Rights Act of 1964, as codified at 42 U.S.C. § § 2000e - 2000e-17 ("Title VII") and the Age Discrimination in Employment Act of 1967, as codified, 29 U.S.C. §§ 621-634 ("ADEA"). Plaintiff's application to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(a) is granted. For the reasons stated below, plaintiff is granted leave to file an amended complaint within thirty (30) days of the date of this Order.

## STANDARD OF REVIEW

  Under 28 U.S.C. § 1915(e)(2)(B), a district court shall dismiss an *in forma pauperis* action where it is satisfied that the action "(I) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." *Pro se* complaints are held to less stringent standards than pleadings drafted by attorneys and I am required to read the plaintiff's *pro se* complaint liberally and interpret it raising the strongest arguments it suggests. Erickson v. Pardus, 551 U.S. 89 (2007); Hughes v.

1

Rowe, 449 U.S. 5, 9 (1980); Sealed Plaintiff v. Sealed Defendant #1, 537 F.3d 185, 191-93 (2d Cir. 2008). At the pleadings stage of the proceeding, I must also assume the truth of "all well-pleaded, nonconclusory factual allegations" in the complaint. Kiobel v. Royal Dutch Petroleum Co., 621 F.3d 111, 123 (2d Cir. 2010) (citing Ashcroft v. Iqbal, 556 U.S. 662 (2009)). A complaint must plead sufficient facts to "state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. 678 (citations omitted). The plausibility standard does not impose an across-the-board, heightened fact pleading standard. Boykin v. KeyCorp, 521 F.3d 202, 213 (2d Cir. 2008). The plausibility standard does not "require[ ] a complaint to include specific evidence [or] factual allegations in addition to those required by Rule 8." Arista Records, LLC v. Doe 3, 604 F.3d 110, 119 (2d Cir. 2010). However, the plausibility standard does impose some burden to make factual allegations supporting a claim for relief.

**BACKGROUND**

Plaintiff, who has worked for defendant for more than nine years, states that his "co-workers (hispanic) harrass and treat me (non-hispanic) unfairly." Compl. at 4. He adds that in November 2012, "Jose (Seafood Dept.) told me while I was working to go home if I don't want any problems. Each time I'm harrass [sic] and I push back by vocalizing my position the company suspended me pending termination." Id. In addition, plaintiff states that his co-worker Jose threatened to harm him in front of the store manager and a security officer and another co-worker "rubb[ed] her hand down" his back on two occasions. Id. at 7.

**DISCUSSION**

Pursuant to Rule 8(a) of the Federal Rules of Civil Procedure, plaintiff must provide a short, plain statement of claim against each defendant named so that they have adequate notice of the claims against them. Iqbal, 556 U.S. at 678-79 ("[Rule 8] demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."). Moreover, plaintiff must provide facts sufficient to allow each named defendant to have a fair understanding of what the plaintiff is complaining about and to know whether there is a legal basis for recovery. See Bell Atlantic Corp., 550 U.S. at 555 (Rule 8 requires that the plaintiff's pleading "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests" (quoting Conley, 355 U.S. at 47)); Ricciuti v. New York City Transit Auth, 941 F.2d 119, 123 (2d Cir. 1991) ("[Rule 8] is designed to permit the defendant to have a fair understanding of what the plaintiff is complaining about and to know whether there is a legal basis for recovery[.]").

Although plaintiff seeks to bring Title VII and ADEA claims, he fails to plead sufficient factual allegations to support a claim for relief. Title VII provides that "[i]t shall be an unlawful employment practice for an employer to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e–2(a). The ADEA establishes that it is "unlawful for an employer ... to discharge any individual or otherwise discriminate against any individual with respect to his compensation, terms, conditions or privileges or employment, because of such individual's age." 29 U.S.C. § 623(a)(1). In order to establish a prima facie case of age discrimination in violation of the ADEA, plaintiff must show: (1) that he was within the

protected age group (more than 40 years old); (2) that he was qualified for his position; (3) that he experienced adverse employment action; and (4) that such action occurred under circumstances giving rise to an inference of discrimination. See Gorzynski v. Jet Blue Airways Corp., 596 F.3d 93, 107 (2d Cir. 2010) (citing Carlton v. Mystic Transp. Inc., 202 F.3d 129, 134 (2d Cir. 2000)).

Even under the most liberal construction of plaintiff's allegations, he provides no facts that could possibly connect any adverse employment action or harassment in the workplace to a protected status such as race, color, religion, sex, age, or national origin. See Ruston v. Town Bd. of Skaneateles, 610 F.3d 55, 59 (2d Cir. 2010) ("Under Iqbal, factual allegations must be sufficient to support necessary legal conclusions," and must "plausibly suggest an entitlement to relief"); see also Arista Records, LLC v. Doe 3, 604 F.3d 110, 120-21 (2d Cir. 2010) (although Twombly and Iqbal do not impose a heightened pleading standard in employment discrimination cases, enough facts must still be pleaded to make plaintiff's claim plausible).

## CONCLUSION

In light of plaintiff's *pro se* status, plaintiff is granted thirty (30) days leave to file an amended complaint. See Cruz v. Gomez, 202 F.3d 593 (2d Cir. 2000). The amended complaint must include a short, plain statement of facts sufficient to support a plausible claim that his employer discriminated against him in violation of Title VII and the ADEA. If available, plaintiff should attach a copy of the charge of discrimination he filed with the EEOC or New York State Division of Human Rights.

Plaintiff is advised that the amended complaint will completely replace the original complaint, must be captioned, "Amended Complaint," and shall bear the same docket number as this Order. No summons shall issue at this time and all further proceedings shall be stayed for

thirty (30) days.  The clerk of the court is respectfully requested to forward an employment discrimination form complaint to plaintiff with this Order.

If plaintiff fails to file an amended complaint within thirty (30) days of the date of this Order, the instant action shall be dismissed without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and judgment shall enter.  The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of any appeal.  Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

/s/
KIYO A. MATSUMOTO
United States District Judge

Dated: Brooklyn, New York
October 31,  2013